# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                                ESSEX SUPERIOR COURT
                                                         CIVIL ACTION NO. 2077CV01309A

ANN E. LEONARD and )
FRANK LEONARD, )
        PLAINTIFFS )
VS. )
  )
DICK'S SPORTING GOODS, INC., )
a Delaware Corporation, )
        DEFENDANT )

## COMPLAINT

Now come the Plaintiffs, Ann E. Leonard and Frank Leonard, and say:

### PARTIES

1. The Plaintiff, Ann E. Leonard, resides at 22 Clark Circle, Lynn, Essex County, Massachusetts.

2. The Plaintiff, Frank Leonard, resides at 22 Clark Circle, Lynn, Essex County, Massachusetts.

3. The Defendant, Dick's Sporting Goods, Inc. (hereinafter "Defendant"), is a foreign corporation incorporated in the State of Delaware and doing business at 1201 Broadway, Saugus, Essex County, Massachusetts. Jurisdiction is asserted pursuant to the provisions of the Massachusetts Long Arm Statute M.G. L. 223 A § 3.

### FACTS

4. The Plaintiffs repeat and incorporate by reference the allegations contained within Paragraphs 1-3 of the Complaint as if fully stated herein.

5. Plaintiff, Frank Leonard, is the husband of Plaintiff, Ann E. Leonard.

6. On July 8, 2019, the Plaintiff, Ann E. Leonard, was lawfully present upon the Defendant's premises at 1201 Broadway, Saugus, Essex County, Massachusetts.

7. On July 8, 2019, there were boxes on the floor of the Defendant's premises in a designated shopping area where merchandise is displayed.

Page Two

8. The Plaintiff, Ann E. Leonard, was caused to trip and fall inside the Defendant's premises on July 8, 2019 due to the presence of boxes on the floor of the Defendant's premises in a shopping area where merchandise is displayed.

9. The Defendant provided no signage or warning of the presence of the boxes on the floor of its premises in the shopping area where merchandise is displayed on July 8, 2019.

10. Due to her trip and fall inside the Defendant's premises on July 8, 2019, the Plaintiff, Ann E. Leonard, was caused to sustain serious personal injuries.

## COUNT ONE- NEGLIGENCE

11. The Plaintiffs repeat and incorporate by reference the allegations contained within Paragraphs 1-10 of the Complaint as if fully stated herein.

12. On July 8, 2019, it was the duty of the Defendant to keep and maintain the premises in a safe and suitable condition, free of defects, for all persons who came upon those premises.

13. Defendant breached its duty of care so as to put these premises in an unsafe and unsuitable condition, causing and failing to remove or warn of a dangerous defect on the premises.

14. As a result of the negligence and carelessness of the Defendant, the Plaintiff, Ann E. Leonard, has suffered and continues to suffer serious physical injuries, great pain and anguish, was disabled and has been put to great expense for medical care.

    WHEREFORE, the Plaintiff, Ann E. Leonard, demands judgment against the Defendant for her injuries, damages and costs.

## COUNT TWO-LOSS OF CONSORTIUM

15. The Plaintiffs repeat and incorporate by reference the allegations contained within Paragraphs 1-14 of the Complaint as if fully stated herein.

16. Plaintiff, Ann E. Leonard, sustained personal injuries due to the negligence of the Defendant on July 8, 2019.

Page Three

17. As a consequence of the injuries sustained by his wife, Ann E. Leonard, due to the negligence of the Defendant, the Plaintiff, Frank Leonard, has been and continues to be deprived of her assistance and consortium.

WHEREFORE, the Plaintiff, Frank Leonard, demands judgment against the Defendant for his damages and costs.

## CLAIM FOR TRIAL BY JURY

Now come the Plaintiffs, Ann E. Leonard and Frank Leonard, and claim a trial by jury of all issues in this case.

DATED: 12/28/20

Respectfully submitted by
Plaintiffs' Attorney,

Thomas L. Freeman
Driscoll, Freeman & Associates
85 Exchange Street, Suite 318
Lynn, MA 01901
781-599-4014
BBO: 556523

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX

DEC 30 2020

CLERK

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Ann E. Leonard and Frank Leonard <br> **ADDRESS:** 22 Clark Circle <br> Lynn, MA, 01905 | **DEFENDANT(S):** Dick's Sporting Goods, Inc. | **COUNTY** Essex |
| **ATTORNEY:** Thomas J. Freeman, Esquire <br> **ADDRESS:** DRISCOLL, FREEMAN & ASSOCIATES <br> 85 Exchange Street, Suite 318 <br> Lynn, MA, 01901 <br> **BBO:** 556523 | **ADDRESS:** 345 Court Street <br> Coraopolis, PA 15108 | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Personal Injury - Slip & Fall | F | ☒ YES ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................... $ 10,271.57
2. Total doctor expenses .................................................................................. $ 3,365.05
3. Total chiropractic expenses ......................................................................... $ N/A
4. Total physical therapy expenses ................................................................. $ N/A
5. Total other expenses (describe below) ...................................................... $ 2,378.00
   Subtotal (A): $ 16,014.62

Other: Ambulance $2,378.00

B. Documented lost wages and compensation to date ................................. $ N/A
C. Documented property damages to date ................................................... $ N/A
D. Reasonably anticipated future medical and hospital expenses ............... $ 30,000.00
E. Reasonably anticipated lost wages ........................................................... $ N/A
F. Other documented items of damages (describe below) .......................... $ 200,000.00

Pain and Suffering and loss of consortium

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Lacerated lip that required significant suturing, fractured several teeth, and lost crown tooth #7 and bridge teeth #10-12

Several extracted teeth and will require significant restorative dental work. Also bruising over the body.

TOTAL (A-F): $246,014.62

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ _____

Signature of Attorney/ Unrepresented Plaintiff: X                                       Date:

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____                Date: 1/28/20

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2077CV01309 A | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Leonard, Ann E et al vs. Dick's Sporting Goods, Inc. | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Thomas J Freeman, Esq. Driscoll, Freeman & Associates 85 Exchange St Suite 318 Lynn, MA 01901 | | COURT NAME & ADDRESS Essex County Superior Court - Salem J. Michael Ruane Judicial Center 56 Federal Street Salem, MA 01970 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/30/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 04/29/2021 | |
| All motions under MRCP 12, 19, and 20 | 04/29/2021 | 06/01/2021 | 06/28/2021 |
| All motions under MRCP 15 | 04/29/2021 | 06/01/2021 | 06/28/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 10/26/2021 | | |
| All motions under MRCP 56 | 11/26/2021 | 12/27/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/25/2022 |
| Case shall be resolved and judgment shall issue by | | | 12/30/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to Session "A" in Salem Superior Court

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 12/31/2020 | | | |

Date/Time Printed: 12-31-2020 15:43:06                                                                 SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                              ESSEX SUPERIOR COURT
                                                       CIVIL ACTION NO. 2077CV01309A

ANN E. LEONARD AND                )
FRANK LEONARD,                    )
                                  )
    PLAINTIFFS                    )
                                  )
VS.                               )
                                  )
DICK'S SPORTING GOODS, INC,       )
                                  )
    DEFENDANT                     )

## ACCEPTANCE OF SERVICE ON BEHALF OF DICK'S SPORTING GOODS, INC.

On the __19th__ day of __January__, 2021, I, David A. White, Esquire, duly authorized, hereby accept service of the Summons, Complaint, Civil Action Cover Sheet and Tracking Order, on behalf of the defendant, Dick's Sporting Goods, Inc., by receiving a copy of same.

All defenses, excepting adequacy of service, are preserved.

_David A. White_
David A. White, Esquire

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV01309A

ANN E. LEONARD and FRANK LEONARD ................................, Plaintiff(s)

v.

DICK'S SPORTING GOODS, INC. ................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Thomas J. Freeman, plaintiff's attorney, whose address is 85 Exchange St., #318, Lynn, MA 01901, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 56 Federal Street, Salem, MA 01970 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the 12th day of January, in the year of our Lord two thousand twenty-one

TRUE ATTEST COPY

_____
DEPUTY SHERIFF

_____
Clerk

(LS)

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20____, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated: _____, 20____ .          _____

N.B.  TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

| |
|---|
| , 20  . |

---

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

ANN E. LEONARD, ET AL,
Plaintiff(s)

v.

DICK'S SPORTING GOODS, INC.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                              ESSEX SUPERIOR COURT
                                                       CIVIL ACTION NO. 2077CV01309A

ANN E. LEONARD AND           )
FRANK LEONARD,               )
                             )
    PLAINTIFFS              )
                             )
VS.                          )
                             )
DICK'S SPORTING GOODS, INC,  )
                             )
    DEFENDANT               )

### PLAINTIFF, ANN E. LEONARD'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE DEFENDANT, DICK'S SPORTING GOODS, INC.

    The Plaintiff, Ann E. Leonard, in the above-entitled action and pursuant to Rule 34 of the Mass. Rule of Civil Procedure requests that the Defendant produce the following items for inspection and copying at the offices of the attorneys for the Plaintiff, Driscoll, Freeman & Associates, The Edison, 85 Exchange Street, Suite 318, Lynn Massachusetts, 01901, within thirty (30) days hereof. Alternatively, compliance may be accomplished by delivering fully legible, complete copies of each and every document to be produced.

### INSTRUCTIONS

As used herein, the term "document" means any medium on which intelligence or information can be recorded or retrieved and includes, without limitation, the original and each copy (regardless of origin and location) of any book, pamphlet, periodical, letter, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, photograph, microfilm, data sheet or data processing card or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, that is in your possession, custody or control or that was, but is no longer, in your possession, custody or control.

If any or all documents requested herein are no longer in your possession, custody or control because of destruction, loss or any other reason, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4) state in as much detail as possible the contents of the document, and (5) state the manner and date of disposition of the document.

If you contend that you are entitled to withhold from production any or all documents identified herein on the basis of the attorney-client privilege, the work-product doctrine or other ground, then do the following with respect to each and every document: (1) describe the nature of the document (e.g., letter or memorandum), (2) state the date of the document, (3) identify the persons who sent and received the original and a copy of the document, (4) state the subject matter of the document, and (5) state the basis on which you contend you are entitled to withhold the document from production.

## REQUEST FOR PRODUCTION

1. Copies of all signed and/or unsigned statements recorded by mechanical and/or electronic means made by any witnesses to the incident alleged in the Plaintiff's Complaint that are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

2. Copies of any and all statements, signed or unsigned, and whether recorded by mechanical and/or electronic means, made by the Defendant or the Defendant's agents or employees, that relate directly or indirectly to this action and are in the possession of the Defendant, its agent, insurer or attorney or subject to its control.

3. All documents, reports and statements which were taken from or given by the Plaintiff making this request and/or by any agents, servants or employees of the Plaintiff concerning the events alleged in the Plaintiff's Complaint.

4. Any and all reports of investigators in the possession of or subject to the control of the Defendant, its agent, insurer or attorney.

5. Sketches, plans or diagrams of the scene of the incident alleged in the Complaint.

6. All photographs of the Plaintiff.

7. Any and all incident reports written or prepared by any employee or agent of the Defendant concerning the incident referred to in the Complaint.

8. Any and all incident reports written or prepared by an employee or agent of the Defendant concerning any incident that took place at or near the scene of the incident alleged in the Complaint for the 48-hour period prior to the incident referred to in the Complaint.

9. All payroll records for all employees of the Defendant on the date of the incident showing the time they began work, the time they left work and/or what they did while at work.

10. Copies of all insurance policies that may be available to cover part or all of any judgment that may be rendered in this action against the Defendant, Dick's Sporting Goods, Inc.

11. Copies of all reports of all experts in the possession of the Defendant.

12. All documents that the Defendant intends to introduce at trial.

13. All documents, reports, statements and letters which were filled out by an expert or experts concerning the events alleged in the Plaintiff's complaint.

14. All photographs of the scene of the events alleged in the Plaintiff's Complaint, which were taken during the time period from one year prior to said alleged events up to and including the present by the Defendant.

15. All photographs, sketches, diagrams, drawings, graphs and tables which relate or pertain in any way to the Plaintiff's allegations alleged against the Defendant in this action.

16. All pleadings filed by all parties in every other lawsuit which arises out of the alleged events which give rise to the case at bar.

17. Each and every document and investigative report which relates or pertains in any way to the events alleged in the Plaintiff's Complaint, which was prepared by any agency, bureau or commission of the federal government or of any state, local or municipal government, including but not limited to police and or accident reports, which are presently in the possession, custody or control of the Defendant.

18. All documents, statements and reports pertaining to any investigation of said alleged events by the Defendant, his agents, servants, employees of other representatives.

19. Copies of any and all safety manuals and/or maintenance manuals covering the operation of the subject in effect on the date of the accident.

20. Copies of any and all videotapes depicting the scene of the accident, the accident itself or any injuries sustained by the plaintiff as a result of the accident.

21. All documents, reports, memoranda, notices, letters, and any other correspondence at any time during the period from the date of the events alleged in the Plaintiff's Complaint up to and including the present, which in any way concern or relate to any of the events, occurrences and allegations contained in the Plaintiff's complaint between the Defendant or the Defendant's agents, servants, and/or employees (including attorneys), and:

    a) The Plaintiff and/or this Plaintiff agents, servants, and/or employees (including attorneys);

    b) Any insurance company or companies providing insurance to the Defendant including any kind of liability coverage which may have been taken out on the Defendant's behalf;

    c) Any agency, bureau or commission of the federal government or of any state, local or municipal government; and

    d) Any other party to this action and/or the agents, servants or employees or any other party to this action.

22. Copies of any and all lists or other writings containing the names and addresses of all employees working at the defendant's premises at the time of plaintiff's accident.

23. All documents relating to any claim which has been brought against the Defendant by any other person during the period from five (5) years prior to the events alleged in the Plaintiff's complaint up to and including the present time.

24. The complete curriculum vitae for each and every expert retained or consulted by the Defendant and/or expected to be called to testify at trial.

25. Any and all standards, periodicals, articles, books, pamphlets, monographs, treatises, regulations and other written memoranda upon which the Defendant relies or intends to rely at the trial of this case.

ANN E. LEONARD,
Plaintiff

By: _____
Her Attorney
Thomas J. Freeman, Esquire
Driscoll, Freeman & Associates
85 Exchange Street, Suite 318
Lynn, MA 01901
(781) 599-4014
BBO# 556523

DATED: 1/12/21

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of Plaintiff, Ann E. Leonard's First Request for Production of Documents from the Defendant, Dick's Sporting Goods, Inc., upon counsel for the Defendant by authorized deputy sheriff.

David A. White, Esquire
Davis & White, LLC
869 Turnpike Street, Suite 110
North Andover, MA 01845

_____
Thomas J. Freeman, Esquire
Driscoll, Freeman & Associates
85 Exchange Street, Suite 318
Lynn, MA 01901
(781) 599-4014
BB0 No. 556523

DATED: 1/17/21